IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOROTHY ANDERSON, ) | Case No. 8:13cv362 |
| ) | |
| Plaintiff, ) | |
| ) | **PROTECTIVE ORDER** |
| v. ) | |
| ) | |
| PHELPS MEMORIAL HEALTH CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to Fed. R. Civ. P. 26(c) and the Joint Motion for Entry of Stipulated Protective Order (Doc. No. 25) submitted jointly by Plaintiff, Dorothy Anderson ("Plaintiff") and Defendant, Phelps Memorial Health Center ("PMHC"), it is hereby ORDERED as follows:

1.  <u>Definitions.</u>  For purposes of this Order, "party" and "parties" shall mean the named parties to this litigation.

2.  <u>Materials Deemed Confidential.</u>  If a party or an attorney for a party (or a third-party subject to subpoena issued by the Court in this case or an attorney for such third-party) has a good-faith belief that certain documents or other materials or information (including digital information), subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the party or attorney shall mark each such document or other materials as "CONFIDENTIAL."

3.  <u>Designation of Depositions as Confidential.</u>  All depositions or portions of depositions taken in this action that contain trade secrets or confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made

**Attachment 1**

either on the record or by written notice to the other party within fourteen (14) days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the fourteen (14) day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

    4.    <u>Redesignation of Materials as Confidential.</u>  In the event a party inadvertently produces confidential documents or materials without the designation "CONFIDENTIAL", it shall not be deemed a waiver of the confidential nature of the documents or materials provided that the producing party notifies all other parties of the inadvertent production within twenty-one (21) days after the producing party's production. In the event the disclosing party notifies the receiving party that a document or thing was produced without the appropriate confidentiality designation, the disclosing party shall provide the receiving party with replacement copies of the documents or things bearing the appropriate confidentiality designation. Upon receipt of the replacement copies, the receiving party shall retrieve and return or destroy all copies of the previously produced documents or things.

    5.    <u>Inadvertent Disclosure.</u>  The following procedures shall govern instances in which a party has inadvertently produced or disclosed materials for which any privilege or protection is claimed, including but not limited to the attorney-client privilege or work-product protection:

    a.    The disclosing party must notify the receiving party within twenty-one (21) days, in writing or on the record, after a document has been inadvertently produced. Upon receiving the appropriate notice from the disclosing party that privileged and/or work-product material has been

inadvertently produced, all such information, and all copies thereof, shall be returned to the disclosing party within five (5) business days of receipt of such notice and the receiving party shall not use such information for any purpose, until further order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the document in electronic format, and shall provide the disclosing party with written notice that all copies of the document have been returned or destroyed. If the receiving party intends to file a motion under paragraph 5(b), below, it may maintain a copy of the document for purposes of filing such a motion.

  b. If the receiving party contests the privilege or work-product designation by the disclosing party, it shall file a motion to compel production of the document or information. The receiving party shall not assert as a ground for compelling production the facts or circumstances of the inadvertent production, unless it is asserted that privilege or work-product protection was knowingly and intentionally waived.

  c. The disclosing party retains the burden of establishing the privileged or protected nature of any document or information that is claimed as privileged or otherwise protected. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of such documents or information.

  d. Upon notification of inadvertent disclosure from the disclosing party, the receiving party shall place any analyses, memoranda, or notes which were internally generated based upon such inadvertently-produced information in sealed envelopes if in hard copy form, or shall segregate such analyses, memoranda, or notes if in electronic form.

  e. Pursuant to Rule 502 of the Federal Rules of Evidence, if the receiving party does not contest that the information is privileged or otherwise protected or if the Court so rules, then the inadvertent disclosure of the information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, as to the inadvertently disclosed document or information and any related material, and such documents and information shall be destroyed or returned to the producing party.

6. <u>Challenging Designation of Confidentiality.</u> If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL", the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the confidentiality designation shall do so by filing an appropriate motion.

7. <u>Distribution of Confidential Materials.</u> No party or attorney or other person subject to this Protective Order shall distribute, transmit, disclose or otherwise divulge any document or other material which is marked "CONFIDENTIAL", or the contents thereof, except in accordance with this Stipulated Protective Order.

8. <u>Persons Entitled to View Materials.</u> Any document or other material which is marked "CONFIDENTIAL," or the contents thereof may only be disclosed to the following individuals:

  a. the parties;

  b. counsel for the parties to this action who are involved in the conduct of this action, together with the partners, associates, secretaries, paralegals, assistants, agents and employees of such counsel;

c. the Court and any court officials involved in this action (including persons such as court reporters and persons operating video recording equipment at depositions);

d. any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

e. persons noticed for depositions or designated as trial witnesses, but only to the extent reasonably necessary to prepare them to testify;

f. outside consultants or experts retained for the purpose of assisting counsel in this action who sign the undertaking attached hereto as Attachment "A", but only to the extent reasonably necessary for them to provide such services in this action; and

g. any person or entity who created the document or previously received the document in a lawful, legitimate manner.

9. <u>Use of Confidential Materials.</u>  Any document or other material which is marked "CONFIDENTIAL", or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made pursuant to and in compliance with the terms of this Protective Order, only for the purpose of this action.  Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "CONFIDENTIAL", or the contents thereof, as evidence at trial or on summary judgment motion, or at any deposition taken in this action, as long as the party using the document or other material complies with the other provisions of this Protective Order.  The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures in court filings and proceedings to protect the confidentiality of any document or other material which is marked "CONFIDENTIAL."  A party seeking to file

5

materials marked "CONFIDENTIAL" under seal must follow the procedures set forth in Local Rule NECivR 7.5. In the alternative, the parties may file documents and pleadings under restricted access pursuant to Local Rule NECivR 5.3(c). If the pleading or document is already subject to this Protective Order, no additional formal motion to file under restricted access is required. Any documents or pleadings to be filed with the Court must bear the caption of this litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.

10. <u>Return or Destruction of Confidential Materials After Litigation.</u> At the conclusion of the proceedings in this action, the recipient of all documents and materials marked "CONFIDENTIAL", including any copies or extracts or summaries thereof, or documents containing or derived from information taken therefrom, shall submit a written certification that all "CONFIDENTIAL" materials have been destroyed. Notwithstanding the other provisions of this paragraph, counsel for each party may retain up to two (2) complete sets of the pleadings, trial transcripts, exhibits admitted in any deposition, documents filed with the court, deposition transcripts (including deposition exhibits), and discovery responses and shall remain bound to preserve the confidentiality of such documents in accordance with the provisions of this Protective Order. Nothing herein shall require legal counsel for any party to return or destroy correspondence, including electronic email correspondence, which has "CONFIDENTIAL" materials attached thereto.

11. <u>Subpoenas and Legal Process.</u> In the event that any of the parties is subpoenaed or is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose "CONFIDENTIAL" information that was so designated by another party, the party subpoenaed or served

as referred to in this paragraph shall object to the production of the such information by setting forth the existence of this Protective Order and shall give prompt written notice to the party who produced the information in this litigation. Nothing in this Protective Order shall be construed as requiring the party from whom "CONFIDENTIAL" information was requested to challenge or appeal any order requiring production of such information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. Notwithstanding the other provisions of this paragraph, a party from whom "CONFIDENTIAL" documents or information are subpoenaed or otherwise required by a governmental agency may produce the documents or information to that agency without itself making objections, but shall provide prompt written notice of any such subpoena to the party who disclosed the "CONFIDENTIAL" information.

12. <u>No Effect on Other Issues.</u> Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the documents or other materials marked "CONFIDENTIAL" and disclosed pursuant to this Protective Order.

13. <u>Waiver</u>. To be effective, any waiver under this Protective Order must be made in writing or on the record in a deposition or court proceeding.

**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOROTHY ANDERSON, | ) | Case No. 8:13cv362 |
| | ) | |
| Plaintiff, | ) | **CERTIFICATION** |
| | ) | |
| v. | ) | |
| | ) | |
| PHELPS MEMORIAL HEALTH CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

I hereby certify that I have read the attached Stipulated Protective Order in *Dorothy Anderson v. Phelps Memorial Health Center,* Case No. 8:13-cv-362, dated _____ \_\_\_\_, 2015 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" documents or information to, or discuss such with, any person, entity, or party who is not entitled to receive "CONFIDENTIAL" documents and information in accordance with the Order. I will use "CONFIDENTIAL" documents and information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will keep all "CONFIDENTIAL" documents and information confidential in accordance with this Order. I hereby agree that the Order applies to me, that I will comply with the Order, and that I will submit to the jurisdiction of the United States District Court for the District of Nebraska for the purposes of any proceedings relating to the Order.

Dated: _____           _____
                                                                                              [Signature]

                                                                                              _____
                                                                                              [Printed Name]

                                                                                              _____
                                                                                              [Company]

                                                                                              _____
                                                                                              [Address]

March 23, 2015.

BY THE COURT:

*Cheryl R. Zwart* (signature)

Cheryl R. Zwart
United States Magistrate Judge

Agreed to and jointly submitted by counsel for the parties this 23rd day of March, 2015, by:

DOROTHY ANDERSON,
Plaintiff

s/ Kathleen Neary
Kathleen Neary (#20212)
Vincent M. Powers & Associates
411 South 13th Street, Suite 300
Lincoln, NE 68508
kathleen@vpowerslaw.com
Attorney for Plaintiff

- *and* -

PHELPS MEMORIAL HEALTH CENTER,
Defendant

s/ Tara A. Stingley
Tara A. Stingley (#23243)
Cristin McGarry Berkhausen (#23788)
CLINE WILLIAMS WRIGHT
 JOHNSON & OLDFATHER, L.L.P.
One Pacific Place
1125 South 103rd Street, Ste. 600
Omaha, NE 68124
tstingley@clinewilliams.com
cberkhausen@clinewilliams.com
Attorneys for Defendant

4817-4322-9474, v. 1